# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES LEE WRIGHT,<br><br>                      Petitioner,<br>v.<br><br>STATE OF WISCONSIN,<br><br>                      Respondent.[1] | Case No. 17-CV-1585-JPS<br><br>**ORDER** |

        On November 13, 2017, Petitioner James Lee Wright ("Wright") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). Wright pleaded guilty to false imprisonment, resisting police, and bail jumping, all as a repeat offender. (Docket #1-1 at 1). The court sentenced Wright to over fifteen years' imprisonment. (Docket #1 at 2).

        Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas

---

[1]The appropriate respondent is the warden of Columbia Correctional Institution, Wright's current place of confinement. 28 U.S.C. § 2242; *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005). If and when the Court calls on Respondent to answer Wright's petition, the state can provide the Court with the warden's name.

petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Wright's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Wright's petition is timely. From the face of the petition, it appears that Wright's direct appeal concluded on April 10, 2017, with the denial of his petition for review with the Wisconsin Supreme Court. (Docket #1 at 3). He did not file a petition for certiorari to the United States Supreme Court. *Id.* at 5. Because the petition in this case was filed on November 13, 2017, it appears to satisfy the time constraints of Section 2244(d).

The court continues its Rule 4 review by examining Wright's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal

habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Wright offers four grounds for relief. First, the trial court failed to establish Wright's agreement with the factual basis for the false imprisonment charge before accepting his guilty plea. (Docket #1 at 7-8). It

appears that Wright brings this claim as a violation of his due process rights. *Id.* at 8 (arguing that his plea was not knowing, intelligent, and voluntary); *United States v. Cruse*, 805 F.3d 795, 804 (7th Cir. 2015). Also in Ground One, Wright mentions the bail jumping charge, and suggests that he received two different sentences from different judges on the same charge. (Docket #1 at 8). Second, Wright says that he received ineffective assistance of counsel in two ways: 1) counsel failed to advise him that his conduct did not fit the charge of false imprisonment, and 2) counsel did not object to his sentence, though it was excessive under Wisconsin law. *Id.* at 9-10. Third, Wright objects to having the sentences on his various counts of conviction run consecutively. *Id.* at 11. Finally, Wright re-asserts as a separate ground his belief that he received an excessive sentence under Wisconsin law. *Id.* at 12.

On the face of the petition and the documents attached thereto, only the first portion of Ground One was exhausted. The Wisconsin Court of Appeals opinion addressing Wright's direct appeal discussed only the due process claim related to the false imprisonment guilty plea. (Docket #1-1 at 1-6). Neither the second portion of Ground One nor any of the other grounds are mentioned. *Id.* While Grounds Three and Four have other fatal defects, as discussed below, the second portion of Ground One and Ground Two do not otherwise appear to be plainly meritless.

Because Wright presents a "mixed" petition of exhausted and unexhausted claims, the Court must give him a choice. This choice, however, will depend on the grounds upon which Wright seeks relief. Wright can: (1) dismiss this petition in its entirety in order to exhaust all his claims in state courts; (2) move for a stay and abeyance while he returns to state court to exhaust his unexhausted claims; or (3) elect to proceed on only

the exhausted claim described above. If he dismisses the unexhausted claims, then the Court will be able to consider only his exhausted claim.

If Wright elects option (2) and wishes to maintain his unexhausted claims and seek a stay and abeyance, he should file a separate motion for a stay and abeyance. In that motion, Wright will need to show that he "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. If Wright elects option (3) and wishes to dismiss his unexhausted claims and proceed only on his exhausted claim, then he should: (a) file an amended petition which does not include the unexhausted claims; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claim. Finally, if Wright elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his claims in the state court, he may notify the Court of that decision by letter. The Court hereby warns Wright that, if he proceeds only on the exhausted claim, he may not be able to proceed on his other claims in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2). Whichever course of action Wright elects to take, the Court will require him to file his amended petition, motion, or letter as described herein within **thirty (30) days** of the entry of this Order.

The Court returns to the screening process. It next reviews Wright's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. S*ee O'Sullivan*, 526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it not clear that Wright has procedurally defaulted on his claims. Thus, the Court will not reject any of his claims on this basis.

The Court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Wright's federal habeas petition. *See Ray*, 700 F.3d at 996 n.1 (citing *Small*, 998 F.2d at 414, for the proposition that district courts may dismiss petitioners that fail to state a claim or are factually frivolous). Grounds Three and Four are not only unexhausted, they are also patently frivolous. Both grounds present issues of state law which are not reviewable by a federal habeas court. *King v. Pfister*, 834 F.3d 808, 814 (7th Cir. 2016). If Wright elects option (3), he should not include these claims in his amended petition.

Accordingly,

**IT IS ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety while he exhausts his claims in state court; (2) move for a stay and abeyance of this action while he exhausts his claims in state court; or (3) file a letter indicating that he wishes to proceed only on his exhausted claim and file an amended petition that does not include the unexhausted claims.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge